IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Criminal Case No.  12-po-01036-BNB

UNITED STATES OF AMERICA,

Plaintiff,

v.

CLIFTON B. BROWN,

Defendant.

---

**MEMORANDUM OF DECISION
AND ORDER**

---

This matter was tried to the court on May 14, 2012.  The defendant is charged by an Information with two petty offenses: (1) possession of marijuana in violation of 16 U.S.C. § 551 and 36 C.F.R. § 261.58(t); and possession of fireworks in violation of 16 U.S.C. § 551 and 36 C.F.R. § 261.52(f).  I find the defendant GUILTY of both offenses.

Each offense charged is a Class B misdemeanor.  A Class B misdemeanor is a petty offense.  18 U.S.C. § 19.  There is no right to a jury trial where the charge is a petty offense. Fed. R. Crim. P. 58(b)(2)(F).  Although not requested to do so by the parties, this Memorandum of Decision and Order contains specific findings of fact consistent with the provisions of Fed. R. Crim. P. 23(c).  See United States v. Unser, 165 F.3d 755, 760 and n.3 (10th Cir. 1999).

Section 551, Title 16 of the United States Code, provides in relevant part:

> **Protection of national forests; rules and regulations. . . .**
>
> The Secretary of Agriculture shall make provisions for the protection against destruction by fire and depredations upon the public forests and national forests which may have been set aside

>or which may be hereafter set aside . . .; and he may make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction; and any violation of the provisions of this section . . . or such rules and regulations shall be punished by a fine of not more than $500 or imprisonment for not more than six months, or both.

Section 261.58(t), Title 36 of the Code of Federal Regulations, provides:

>When provided by an order, the following are prohibited:
>
>$*$   $*$   $*$
>
>(t) Possessing, storing, or transporting any part of a tree or other plant, as specified in the order.

Similarly, 36 C.F.R. § 261.52(f) provides:

>When provided by an order, the following are prohibited:
>
>$*$   $*$   $*$
>
>(f) Possessing, discharging or using any kind of firework or other pyrotechnic device.

Finally, Regional Order # R2-2011-01, which is applicable to, among other places, the Arapaho National Forest in Colorado, provides:

>Pursuant to Title 16 United States Code ("USC") § 551, and Title 36 Code of Federal regulations [sic] ("CFR") § 261.50(a) and (b), the following acts are prohibited on all National Forest System lands administered as National Forests or National Grasslands within the Rocky Mountain Region (Region 2) of the United States Department of Agriculture-Forest Service in the states of Colorado, Kansas, Nebraska, South Dakota, and/or Wyoming. . . .
>
>6.  Possessing, storing or transporting Cannabis plant/s or part thereof or any controlled substance derived from the manufacture of Cannabis plant/s as defined or classified under Title 21 USC § 802 (16) as Marijuana.  36 CFR § 261.58(t)
>
>7.  Possessing, discharging, or using any kind of firework or pyrotechnic device.  36 CFR § 261.52(f)

I.

The following facts are undisputed, and I find them to be true beyond a reasonable doubt:

(1)   On July 9, 2011, at approximately 8:30 p.m., the defendant was camped in his van in a designated camping area within the Arapaho National Forest within the State and District of Colorado.

(2)   Contact was made with the defendant by a law enforcement officer. Only the defendant was inside the van, and no one else was in the vicinity of the van. The defendant was living in his van on July 9, 2011.

(3)   The defendant's van was searched. Inside the van, the officer found and seized a glass pipe; lighter; silver metal cannister containing what appeared to be marijuana; glass jar containing what appeared to be a marijuana bud; and packages of "SHOGUN" bottle rockets, which are a form of fireworks.

(4)   The defendant admitted to the officer that there was "a little marijuana" inside the van.

(5)   The substance contained inside the silver metal cannister seized from the defendant's van tested positive for marijuana (cannabis). The net weight of the marijuana was 1.850 grams.

(6)   The substance contained in the glass jar seized from the defendant's van tested positive for marijuana (cannabis). The net weight of the marijuana was 0.568 grams.

II.

The defendant disputes that the fireworks seized from his van were his or that he was aware of their presence there. The defendant testified that his son purchased the fireworks in June 2011 in Wyoming during a family trip, without the defendant's knowledge, and left them in the "jack storage area" of the van.

Officer Jack Dittman, who performed the search of the defendant's van and seized the fireworks, testified that he found the fireworks in the rear compartment of the van, in the "back driver's-side corner."

I credit the testimony of Officer Dittman and find that the fireworks were in the back driver's-side corner of the van and not the jack storage area. In addition, I find incredible the defendant's testimony that he was not aware of the presence of the fireworks. At the time of the search, the defendant was living in the van. The cargo compartment of the van is compact. Under these circumstances, it is unreasonable to believe that the defendant was not aware of the presence of the fireworks.

III.

I find, beyond a reasonable doubt, that the defendant knowingly possessed marijuana within the Arapaho National Forest in the State and District of Colorado. Consequently, I find the defendant GUILTY of violating 16 U.S.C. § 55; 36 C.F.R. § 261.58(t); and Regional Order # R2-2011-01.

I find, beyond a reasonable doubt, that the defendant knowingly possessed fireworks within the Arapaho National Forest in the State and District of Colorado. Consequently, I find the defendant GUILTY of violating 16 U.S.C. § 551; 36 C.F.R. § 261.52(f); and Regional Order

# R2-2011-01.

IT IS ORDERED:

(1) On or before **June 12, 2012**, the parties shall file briefs on the issue of whether a Presentence Investigation and Report is necessary in this case;

(2) The defendant is continued on his bond pending sentencing; and

(3) A final judgment will not enter until the date of sentencing, with the time for appeal commencing on that date.

Dated June 5, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge